# TIFFANY & BOSCO
### P.A.

Megan E. Lees (SBN 277805)
mel@tblaw.com
Robert P. Zahradka (SBN 282706)
rpz@tblaw.com
1455 Frazee Road, Suite 820
San Diego, CA 92108
Tel. (619) 501-3503

Attorneys for Defendant
National Default Servicing Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT BRANZUELA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, a business entity; NATIONAL DEFAULT SERVICING COPORATION, a business entity; and DOES 1-10, inclusive.<br><br>Defendants. | CASE NO. 3:19-cv-02498-VC<br><br>**DEFENDANT NATIONAL DEFAULT SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>HEARING:<br>Date:   July 11, 2019<br>Time:   10:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Vince Chhabria<br>Location: 450 Golden Gate Ave., 17th Floor<br>         San Francisco, CA 94102 |

**TO THE HONORABLE COURT, ALL PARTIES IN INTEREST, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 11, 2019 at 10:00 A.M., or as soon thereafter as the matter may be heard before the Honorable Judge Vince Chhabria at the United States District

1  Court, Northern District of California, located at the 450 Golden Gate Ave., 17th Floor, Courtroom
2  4, San Francisco, CA 94102, Defendant National Default Servicing Corporation ("NDSC" or
3  "Defendant") will move this Court for an order dismissing it from Plaintiff's Complaint (the
4  "Complaint") pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), for failure
5  to state a claim upon which relief can be granted ("Motion to Dismiss"). This motion is made on
6  the grounds that Plaintiff has failed to plead sufficient facts to set forth any viable claim for which
7  relief can be granted and/or the claims set forth by Plaintiff are inapplicable on their face.

8        The motion will be made for all of the reasons set forth in the accompanying Memorandum
9  of Point and Authorities, this Notice, the Request for Judicial Notice, the record before the Court,
10 and on such further argument and evidence that may be presented to the Court at or before the
11 hearing.

12       The motion is also brought following counsel for NDSC's good faith attempt to meet and
13 confer with Plaintiff, however, an informal resolution could not be reached.

15 Date: June 3, 2019    Respectfully submitted,

16     TIFFANY & BOSCO, P.A.

18     By: /s/ *Megan E. Lees*
    MEGAN E. LEES (SBN 277805)
19     Attorneys for Defendant, National Default
    Servicing Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION.

Robert Branzuela (the "Plaintiff") filed the instant complaint (the "Complaint") to challenge a pending foreclosure sale of his real property. The Complaint includes three separate causes of action against NDSC and the beneficiary of a Deed of Trust encumbering Plaintiff's real property for allegations of "dual tracking" pursuant to: (1) Violation of the Homeowner's Bill of Rights, Cal. Civ. Code § 2924.11; (2) Violation of the Homeowner's Bill of Rights, Cal. Civ. Code § 2923.7; and (3) Violation of 12 C.F.R. § 1024.41. As explained in detail below, each of the causes of action asserted against NDSC fail to state a claim upon which relief can be granted. As NDSC acts only as foreclosure trustee regarding the subject Deed of Trust, it does qualify as a "mortgage servicer" or beneficiary under the California Homeowner's Bill of Rights or the CFPB Rules. Indeed, as the trustee, NDSC's duties are limited by statute and California courts have refused to impose any additional duties on a foreclosure trustee. Moreover, the Plaintiff has not alleged that NDSC violated any of its statutorily imposed duties, and for this reason alone, the Complaint must be dismissed in its entirety against NDSC. Based on the foregoing and as detailed below, NDSC's Motion to Dismiss should be granted as to NDSC, without leave to amend.

## II.  FACTUAL BACKGROUND.

On or about March 7, 2003, the Plaintiff executed a promissory note and deed of trust (the "Deed of Trust") in favor of Washington Mutual Bank, FA ("WaMu"). The Deed of Trust pledged the real property located at 30 Conifer Lane, Hillsborough, CA 94010 (the "Subject Property") as collateral for a loan in the amount of $2,500,000.00. *Id.* The Deed of Trust named WaMu as the lender, and Plaintiff and Marietta V. Yujuico, Husband and Wife, as the trustor thereunder. (*See* Request for Judicial Notice ("RJN"), Exhibit A.)

On April 5, 2012, NDSC was substituted in as trustee under the Deed of Trust by way of a Substitution of Trustee. (*See* RJN, Exhibit B.) The Substitution of Trustee was recorded in the

1  official records of San Mateo County on June 12, 2012. *Id.*

2  After Plaintiff's default on the obligations secured by the Deed of Trust, NDSC recorded a Notice of Default on May 31, 2018. (*See* Request for Judicial Notice, Exhibit C.)  The Notice of Default indicates that, at the time of recording, the Plaintiff's loan was due for the January 1, 2011 installment payment and total payment arrears were $1,446,298.77. *Id*.

After Plaintiff's failure to cure the default within the time indicated in the Notice of Default, NDSC proceeded to record a Notice of Trustee's Sale on December 3, 2018. (*See* Request for Judicial Notice, Exhibit D.)  The Notice of Trustee's Sale indicates that the estimated balance owing on the Deed of Trust at the time of recording was $3,219,640.27. *Id*.

Upon the filing of the instant Complaint, the Trustee's sale was postponed.

### III.   DISCUSSION.

**A.   Legal Standard.**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. *Federal Rules of Civil Procedure* ("FRCP"), Rule 12(b)(6). Although a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief" (FRCP Rule 8(a)(2)), it must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 U.S. at 663 (citing *Twombly,* 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" (*Id.*)*,* or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Further, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

Additionally, matters that are properly the subject of judicial notice may be considered along with a complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of public records); *Chandler v. United States,* 378 F.2d 906, 909 (9th Cir. 1967) (a court may take judicial notice of its own records or records of any other court). As demonstrated herein, Plaintiff's Complaint fails to state a claim against NDSC for violations of the California Homeowner's Bill of Rights and the CFPB Rules because NDSC's statutory conduct in recording foreclosure notices is privileged. Furthermore, NDSC could not be held liable for any acts or omissions pursuant to the aforementioned statutes because it is not, and never was, a beneficiary or servicer of the Deed of Trust. Based on the foregoing and as detailed herein, NDSC's Motion should be granted without leave to amend.

**B.   The Plaintiff's First, Second, and Third Causes of Action in the Complaint Fail to State a Claim Upon Which Relief Can Be Granted Against NDSC.**

NDSC is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary, with duties exclusively defined by the Deed of Trust. *Bae v. T.D. Service Company*, 245 Cal.App.4th 89, 102 (2016); *Jenkins v. JPMorgan Chase Bank, N. A.*, 216 Cal.App.4th 497, 508 (2013); *Orcilla v. Big Sur, Inc.*, 244 Cal.App.4th 982, 995 (2016). As a result, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust. *Heritage Oaks Partners v. First Am. Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (2007); *see also, I.E. Associates v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 287-88 (1985) ("[T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes.").

**1.   *NDSC is Not a Mortgage Servicer or Beneficiary Under the Deed of Trust.***

The Plaintiff's First, Second and Third causes of action allege that NDSC violated Civil Code §§ 2924.11, 2923.7 and 12 C.F.R. §1024.41 by not properly considering his request for a loan modification. (*See* Complaint, ¶¶ 34, 46, 53.) The Plaintiff alleges that the "Defendants"

commenced foreclosure before a written determination of the loan modification application was filed and any appeal period expired; failed to provide a single point of contact with knowledge of Plaintiff's situation or willing or capable of stopping the foreclosure sale. *Id.* While the above actions may be required by Civil Code §§2924.11, 2923.7 and 12 C.F.R. §1024.41, such requirements only apply to "mortgage servicers" or the beneficiary of the underlying loan. Plaintiff fails to state a claim against NDSC for the First, Second and Third cases of action in the Complaint because NDSC is not a "mortgage servicer" or a beneficiary within the meaning of the Homeowner's Bill of Rights or CFPB Rules.

Here, NDSC is merely the trustee under the subject Deed of Trust and the Plaintiff concedes this fact in the Complaint. (*See* Complaint, ¶¶7, 20.)  The California statutory scheme governing nonjudicial foreclosures imposes several specific duties on "mortgage servicers."  Pursuant to Civil Code §2920.5, a "mortgage servicer" is defined as follows:

> "Mortgage servicer" means a person or entity who directly services a loan, or who is responsible for interacting with the borrower, managing the loan account on a daily basis including collecting and crediting periodic loan payments, managing any escrow account, or enforcing the note and security instrument, either as the current owner of the promissory note or as the current owner's authorized agent. "Mortgage servicer" also means a subservicing agent to a master servicer by contract. **"Mortgage servicer" shall not include a trustee, or a trustee's authorized agent, acting under a power of sale pursuant to a deed of trust.**

Civil Code §2920.5 (*emphasis added*).

Pursuant to Civil Code §2920.5, a trustee is specifically excluded from the definition of a mortgage servicer. Furthermore, Plaintiff's Complaint fails to plead facts that NDSC serviced the subject loan or otherwise engaged in conduct prohibited by §§ 2924.11 and 2923.7. As a result, Plaintiff's Complaint fails to state a claim against NDSC for these causes of action.

Similarly, 12 C.F.R. § 1024.2(b)(26) states that a "servicer" means, "a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan)." NDSC is not responsible for the servicing of the subject loan, NDSC did not make the loan to Plaintiff, and NDSC is not a holder of the loan to

Plaintiff. Furthermore, Plaintiff's Complaint fails to plead facts that NDSC serviced the subject loan, made the loan to Plaintiff, is the holder of the loan to Plaintiff, or otherwise engaged in conduct prohibited by the CFPB Rules. Based on the foregoing, Plaintiff cannot state a claim against NDSC under 12 C.F.R. § 1024.41. Accordingly, Plaintiff's Complaint should be dismissed without leave to amend as to NDSC.

### 2. *NDSC's Actions in Recording Foreclosure Notices are Privileged Pursuant to California Civil Code §§47 and 2924(d).*

The acts and duties of a non-judicial foreclosure trustee under a deed of trust are authorized and governed by Civil Code §2924, et seq. With respect to the Trustee's privilege in recording non-judicial foreclosure notices, Civil Code § 2924(d) provides:

> All of the following shall constitute privileged communications pursuant to Section 47:
> (1) The mailing, publication and delivery of notices as required by this section.
> (2) Performance of the procedure set forth in this article.
> (3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure.

Civil Code § 2924(d).

"Section 47 creates two privileges: (1) an absolute privilege, commonly called the litigation privilege, that applies irrespective of the speaker's motive (§ 47, subd. (b)); and (2) a qualified privilege that '"applies only to communications made without malice."'" *Schep v. Capital One, N.A.*, 12 Cal. App. 5th 1331, 1337 (citing *Hagberg v. California Federal Bank*, 32 Cal.4th 350, 360 (2004); *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 336 (2008)). "For the purposes of section 47's qualified privilege, 'malice' means that the defendant (1) 'was motivated by hatred or ill will towards the plaintiff,' or (2) 'lacked reasonable grounds for [its] belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.'" *Schep*, 12 Cal. App. 5th at 1337 (citing *Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 413; *Taus v. Loftus* (2007) 40 Cal.4th 683, 721; § 48a, subd. (d)(4) (defining "actual malice" as "hatred or ill will

Case No. 3:19-cv-02498-VC                             5                    NOTICE OF MOTION AND MOTION
                                                                                                              TO DISMISS

1  toward the plaintiff").)

2  Plaintiff's Complaint alleges that NDSC took one single action to violate Civil Code §§ 2924.11, 2923.7, and 12 C.F.R. § 1024.41, by recording a Notice of Trustee's Sale on December 3, 2018. NDSC asserts that its actions were privileged pursuant to § 47(b)'s absolute privilege and thus Plaintiff's Complaint fails to state a claim against NDSC. Even assuming the most restrictive privilege applies for the purposes of arguendo, NDSC's actions in recording the Notice of Trustee's Sale are privileged pursuant to Section 47's "qualified privilege" because its communications were made without malice. Indeed, the Plaintiff's Complaint does not allege that NDSC's actions in recording the Notice of Trustee's Sale were malicious of done with ill will or hatred. Furthermore, Civil Code § 2924(b) states:

> In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage

Civil Code § 2924(b). NDSC reasonably relied on the information provided to it by the beneficiary under the Deed of Trust in recording the Notice of Trustee's Sale. As a result, NDSC had reasonable grounds for its belief in the truth of its contents and did not act with reckless disregard in recording. Further, Plaintiff's Complaint does not allege that NDSC lacked reasonable grounds for proceeding with recording the Notice of Trustee's Sale or otherwise acted with reckless disregard for Plaintiff.

Based on the foregoing, Plaintiff's Complaint fails to state a claim against NDSC for violations of the aforementioned statutes because NDSC's actions in recording the Notice of Trustee's Sale were privileged pursuant to Civil Code §§47 and 2924(d). Accordingly, Plaintiff's Complaint should be dismissed without leave to amend as to NDSC.

/././
/././
/././

**C.     NDSC is Not a Necessary Party to This Action.**

FRCP 19 provides as follows:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FRCP 19.

Here, NDSC is not a necessary party to this action as the Court can provide complete relief in this case among the existing parties. Plaintiff's claims relate to allegations of "dual tracking" pursuant to a loss mitigation application. The Trustee has no involvement in loss mitigation applications which are the sole responsibility of a mortgage servicer and the beneficiary under a deed of trust. To the extent the beneficiary is liable for violations of the statutes alleged in Plaintiff's Complaint, relief can be afforded to Plaintiff without NDSC's involvement in this litigation. Furthermore, NDSC has no interest in the subject property, the subject loan, or the Deed of Trust. As a result, disposing of this litigation in NDSC's absence will not impede any of its rights or leave any existing party subject to any risk. As the actions of a foreclosure trustee can only be taken at the behest of the beneficiary, NDSC is not a required party to this action.

/././

/././

/././

/././

/././

## IV.   CONCLUSION.

Based on the foregoing, NDSC respectfully requests that this Court grant its Motion to Dismiss without leave to amend as to NDSC, as the deficiencies in Plaintiff's Complaint cannot be cured by amendment.

Date: June 3, 2019                               Respectfully submitted,


                                                 TIFFANY & BOSCO, P.A.


                                                 By: /s/ *Megan E. Lees*
                                                 MEGAN E. LEES (SBN 277805)
                                                 Attorneys for Defendant, National Default Servicing Corporation

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1455 Frazee Road, Suite 820, San Diego, CA 92108. On June 3, 2019, I served the attached **DEFENDANT NDSC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** on the parties to this action by serving:

| **Matthew Mellen, Esq.**<br>**Duncan McGee Nefcy, Esq.**<br>**MELLEN LAW FIRM**<br>**1050 Marina Village Parkway,**<br>**Suite 102**<br>**Alameda, CA 94501**<br>(Attorneys for Plaintiff) | **Joseph Edward Addiego, III, Esq.**<br>**Davis Wright Tremaine LLP**<br>**505 Montgomery Street, Suite 800**<br>**San Francisco, CA 94111-6533**<br>(Attorneys for JPMorgan Chase Bank) |
|---|---|

[X]   (BY U.S. MAIL) I am readily familiar with the practices of this office for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence placed for collection is deposited with the United States Postal Service with the postage thereon fully prepaid on the same day. On the date stated above, I placed an original or true copy of the foregoing document(s) described herein in an addressed, stamped, sealed envelope for collection and mailing following ordinary business practices.

[ ]   (BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 3, 2019           By:   /s/ Megan E. Lees
                                    Megan E. Lees, Declarant
                                    1455 Frazee Road, Suite 820
                                    San Diego, CA 92108