UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BRANZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, et al.,<br><br>    Defendants. | Case No. 19-cv-02498-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 41, 43 |

Branzuela's state law claims against Chase and the National Default Servicing Corporation are dismissed with prejudice; his federal claim against Chase is dismissed with leave to amend.[1]

1. California's Homeowner Bill of Rights does not give Branzuela a right of action against Chase and NDSC for violating its mortgage servicing rules. Only borrowers and successors in interest as defined by the statute may sue to enforce the provisions; Branzuela is neither. *See* Cal. Civ. Code §§ 2924.12; 2920.7(e)(1). Branzuela acquired the property after his uncle – the borrower – died; he was not himself the borrower. *See* Dkt. No. 16 ¶ 8, Dkt. No. 42-1; Fed. R. Evid. 201; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); Cal. Civ. Code § 2920.5. And nephews are not among the set of people who can become successors in interest under the statute. Cal. Civ. Code § 2920.7 ("'Successor in interest' means a natural person who provides the mortgage servicer with notification of the death of the

---

[1] Of the three claims that Branzuela reasserted against NDSC, two had already been dismissed with prejudice. *See* Order Re Motion to Dismiss, Dkt. No. 30 (dismissing the federal claim and the state "single-point of contact" claim). The remaining claim under California law is dismissed for reasons stated in Paragraph 1.

mortgagor or trustor and reasonable documentation showing that the person is the spouse, domestic partner, joint tenant as evidenced by grant deed, parent, grandparent, adult child, adult grandchild, or adult sibling of the deceased borrower, who occupied the property as his or her principal residence within the last six continuous months prior to the deceased borrower's death and who currently resides in the property."). As Branzuela cannot allege facts establishing that he may assert his California claims, the first and second causes of action are dismissed without leave to amend.

2. Branzuela's claim under federal law arises from events that took place before he had a right to sue. The federal mortgage servicing rules are enforceable by "confirmed successors in interest," but not by potential successors in interest.[2] *See* 12 C.F.R. § 1024.41(a); *id.* § 1024.30(d); *id.* § 1024.31; *see also* 81 Fed. Reg. 72,175 & n.64 (Oct. 19, 2016) (explaining that the final regulation does not "provide potential successors in interest a private right of action" to enforce some rules designed to protect potential successors in interest, but noting that "confirmed successors in interest . . . have the same private rights of action to enforce the Mortgage Servicing Rules as other borrowers"); *id.* at 72,176 (noting that prompt confirmation of successor-in-interest status "will allow successors in interest to access the Mortgage Servicing Rules' protections as quickly as possible," and so suggesting that enforceable protections are not in effect before confirmation). Branzuela alleges that Chase improperly recorded the Notice of Trustee's Sale on December 3, 2018. FAC ¶ 38; Dkt. No. 42-9. But Chase didn't confirm Branzuela's successor-in-interest status until December 26, and it was not required to evaluate his loss mitigation application before then. FAC ¶ 31; 12 C.F.R. pt. 1024, Supp. I ("If a servicer receives a loss mitigation application from a potential successor in interest before confirming that person's identity and ownership interest in the property, the servicer may, but need not,

---

[2] Federal law has a more expansive successor-in-interest definition than California law, so Branzuela can be a confirmed successor in interest under federal law even though he is not one under California law. *Compare* 12 C.F.R. § 1024.31 ("Successor in interest means a person to whom an ownership interest in a property securing a mortgage loan subject to this subpart is transferred from a borrower, provided that the transfer is . . . to a relative resulting from the death of a borrower . . . .") *with* Cal. Civ. Code § 2920.7(i)(4).

review and evaluate the loss mitigation application . . . ."); 81 Fed. Reg. 72,172 ("[T]he final rule does not extend dual tracking protections during the pendency of the confirmation process."). The regulations do not give Branzuela a right to sue Chase for events that took place before he was a confirmed successor in interest. But the Court cannot definitively conclude that amendment would be futile, so Branzuela is granted leave to amend his federal claim. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Any amended complaint is due by November 5, 2019.

**IT IS SO ORDERED.**

Dated: October 15, 2019

_____
VINCE CHHABRIA
United States District Judge